IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 25 2024

JEFFREY P. COLWELL
CLERK

Civil Action No. _____

(To be supplied by the court)

Peter George Noe _____, Plaintiff

v.

Jury Trial requested:
(please check one)
___ Yes ___ No

United States Government .

Federal Bureau of prisons .

warden Ciolli .

Massey S.I.S _____, Defendant(s).
(See Attached)

(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.*)

---

## PRISONER COMPLAINT

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

Defendants (cont)

MR, Atencio.

1-2.

## A.    PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address.  Failure to keep a current address on file with the court may result in dismissal of your case.*

Peter George Noe 10849-041 Box 8500 Florence Co 81226

(Name, prisoner identification number, and complete mailing address)

N/A.

(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

____ Pretrial detainee
____ Civilly committed detainee
____ Immigration detainee
____ Convicted and sentenced state prisoner
_X_ Convicted and sentenced federal prisoner
____ Other: (*Please explain*) _____

## B.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint.  If more space is needed, use extra paper to provide the information requested.  The additional pages regarding defendants should be labeled "B.  DEFENDANT(S) INFORMATION."*

Defendant 1:    U.S- Gov Solicitor General of the u.S· Room

(Name, job title, and complete mailing address)

5614 Dept of Justice 950 penn ave NW, Wash, D.C. 20530

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No (*check one*).  Briefly explain:

The u.S· gov is liable for, F.T.CA 1346, The acts of its employees acting under Fed. law

Defendant 1 is being sued in his/her _X_ individual and/or _X_ official capacity.

2

Defendant 2: Fed- Bureau of prisons P.O. Box 8500
(Name, job title, and complete mailing address)

Florence, Co, 81226

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (*check one*). Briefly explain:

Fed Bureau of prisons is. respon. for its policys.

Defendant 2 is being sued in his/her ___ individual and/or _X_ official capacity.

Defendant 3: Warden cioli Box 8500 florence Co 81226-
(Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (*check one*). Briefly explain:

Warden ciolli is the warden is res- for his own policy

Defendant 3 is being sued in his/her ___ individual and/or _X_ official capacity.

## C.    JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

___    42 U.S.C. § 1983 (state, county, and municipal defendants)

___    *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (federal defendants)

X    Other: (*please identify*) F.T.CA 28 USC 2671, 2680, 1331 Constitutional Violation, A.P.A 5 USC 702 and 28 USC 2201 and 2202 for declaratory relief.

3

<u>(B) defendants info (cont)</u>

<u>Defend. 4.</u>  Massey S-I-S  P.O. Box 8500
          Florence Co. 81226

was acting under color of fed law <u>yes</u>
MR Massey is an agent with S-I-S

is sued in his <u>official capacity.</u>


<u>Defend 5</u>      MR <u>Atencio</u>  P.O. Box 8500
          Florence, Co, 81226
was acting under color of fed law <u>yes</u>
is the hearing officer and Noes
counselor at the prison

it sued in his <u>official capacity.</u>

3-2

**D.    STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: <u>F.T.C.A claim 1st amend violation.</u>

Supporting facts:

① The <u>defendant</u> (U.S. Gov) is liable for the acts of its employees under the F.T.CA Title 28 USC 1344, 2671. ② plaintiff has exhausted his administrative remedys by filing a form 95 tort claim on April, 4th, 24. <u>TrT-NCR-2024-05427</u>,

③ Plaintiff has not received notice within six months and may then "assume your claim is denied" see 543.30 28 CFR part 14 at (i). <u>ex (A).</u>

4

## D Statement of claim(s)

## Claim one (cont.)

(4)    Plaintiff filed a medical suit on the facility see Noe.v.US Gov 21-cv-01589.

(5)    That case required Noe to file a certificate of review by an expert.

(6)    Plaintiff filed a motion to have an attorney appointed Due to mail policys at the facility that forbids any "third party contact" see exhibit (B)

(7)    counsel was appointed yet No lawyer would come on to take up Noes valid claim.

(8)    officers from the S-I-S dept then filed a fraudulent affidavit to the court claiming the policy of third party mail is not being enforced as

4-2

D. Statement of claim(s)

claim one (continued),

8) cont    writen.

9)    Relying heavily on this fraudulent affidavit the court Denied Noes claim. The court reasoned that in light of of this fraudulent affidavit Noe could Simply forward his medical records to his family members who could then forward those to an expert contacted by Noes family on Noes behalf.

10)    Noe appealed this ruling to the 10th circuit.

11)    after the case was closed MR massey of the S.I.S dept wrote Noe an incident report enforcing this policy as writen see I.R 3863101.

4-3

D Statement of Claim(s)

Claim one continued

(12)  This incident report proves that
S.I.S Gonzalez and others knew
their affidavits were ment to
deny Noe his access to the
court in violation of his
First amendment.

(13)  This third party mail policy
itself violates Noes First
amendment right to access to
the court by denying his
ability to contact an expert
witness.

Claim Two

Claim: First amendment violation

(14)  The defendants Federal Bureau of
prisons and warden ciolli are

4-4

D Statement of claim(s)

Claim Two continued

(14) cont    enforcing a policy that violates Noes first amendment as well as clearly established case law.

(15)    program statement 5265.14 and C.F.R 540.14 are clearly unconstitutional as writen and are in violation of case law and Noes first amendment right to free speech as well as the relationship clause and freedom of association.

(16)    540.14(d) states as follows: "The warden may reject correspondence sent by or to an inmate if it is determined to be detrimental to the security, good order or discipline of the institution." some examples are layed out at 540.14(d)(5) which states "mail may be rejected

4-5

## D. Statement of Claim(s)

## Claim Two continued

(16) cont    for threats, extortion, obscenity or gratuitous profanity"

(17)    The united States supreme court has been clear that outgoing mail Shall never be denied under this standard as outgoing mail does not effect the safty or security of the prison. Instead the standard for outgoing mail is if there is a "substantial and compelling governmental interest".

(18)    Following, and infact stating, this unconstitutional policy Defendant ciolli put out this memo at exh(B) limiting Noe from using mail services, talking about gambling, Sending messages from one person to another, requiring Noe to have

4-6

<u>D. Statement of claim(s)</u>

<u>Claim Two continued</u>

(18) cont   pre approval to send or receive any mail from anyone, Talking about Social media, all citing "Safty of the prison".

(19)   This policy amounts to a complete Denial of Noes right to contact the public. The prison has not Stated nor Shown any "Substantial and Compelling interest" in Stopping Noe from sending <u>outgoing</u> mail in which he talks about gambling, Social media, uses profanity, is obscene, or tells one family member to tell another family member that he "loves them".

(20)   There is No Substantial and Compelling governmental interest in deny Noe to use mail forwarding services as to his outgoing mail.

4-7

D. Statement of claim(s)

claim Two continued

(20) cont   The official Bureau of prisons web site instructs Noes family to use mail forwarding services. There are several companys that help inmates communication. This allows Noe to send his mail, Addressed to his contact, to the company. The company then sends it to Noes familys computer

(21)   at another prison the warden forces inmates to use these services and claims its the safest and most secure way for inmates to use the mail. C.F.R 540 14(d) is clearly violating Noes first amendment. Noe was given an incident report following this unconstitution policy.

4-8

D. Statement of claim(s)

claim three

Claim, 1st amend, 5th amend, 4th amend.

(22) The defendant warden ciolli has put out this policy found at exhibit (B) That is a clear violation of Noes right to free speech, freedom of the press and due process, as well as his right to protection from unconstitutional searches and surveillance.

(23) The Justification for this new policy is two fold. one is the defendant ciolli claims the prison must know who Noe is communicating with. The warden does not have a legitimate penological interest in knowing who Noe is talking to.

4-9

D- Statement of Claim(s)

Claim Three (cont.)

(23) cont    The only thing that could even possibly effect the safty of the institution is the content of the communication itself. The identity of the contact has nothing to do with it at all.

(24)    By policy All Noes mail must be read by defendant Massey, his S.T.S tech, prior to Noe receiving his mail.

(25)    This policy amounts to a complete denial of Noes 1st amend. by rejecting all mail from anyone not on Noes approved contact list. For example if someone from the press or an old friend or long lost relative writes Noe a letter that letter will be

4-10

D Statement of Claim(s)

Claim three (cont)

(25) cont    rejected simply because its not from an approved contact. When plaintiff pointed out to both defendant massey and ciolli that the policy is arbitrary and capricious because the author of the mails address and name are clearly marked on the envelope. Defendant ciolli responded that " anyone could put any name or address on an envelope", which is him admitting that there is a lack of a rational relationship to the stated security concern, of knowing whom Noe is talking to, and the policy because anyone could put any return address on any envelope reguardless of if the person is on Noes approved list or not.

4-11

## D. Statement of claim(s)

### Claim three (cont)

(26)    The second and true reason for the policy is pointed to in the policy itself. The defendant Ciolli is infact forcing Noe to identify his contacts so that he (Ciolli) can then forward that information to the "counter terrorism Branch of the F.B.I". This is an obvious fourth amendment violation as clearly the warden and the F.B.I are using Noes contact list at the Facility to illegally open investigations, searches and surveillances on Noe and his contacts. The warden is then inventing a "security" concern to cover it all up. As stated in claim two as to outgoing mail there is no stated "substantial and compelling" interest in this policy.

4-12

D Statement of Claim(s)

Claim Four

Claim 1st amend, 5th amend, 4th amend.

(27)    Defend. ciolli's policy of "Third party communication" violates Noes 1st amend as it completely bars almost all of Noes communication

(28)    Almost every letter Noe sends or receives has some form of this socalled "third party communication". for example Noes mother may say "Grandmas sick, but told me to tell you she loves you" or Noes sister may say that his nephew "Sends his love". The defendant ciolli policy on third party communication limits the content of speech to the point of No communication at all.

4-13

## D. Statement of Claim(s)

## Claim Four (cont)

(29)    The justification for the policy is that the prison must know whom Noe is communicating with. There is not any legitimate penological interest in knowing whom Noe is talking to. The only possible security concern is the content of the letter or message. This policy is arbitrary and capricious. Defendant ciolli acted irrationally by enforcing this policy and limiting Noes first amendment to the extent that it no longer exists.

(30)    The fact that ciolli (Defendant) admits the true reason for the policy is to allow the F.B.I Investigate & surveil Noe and his contacts violates both the 5th amend and 4th amendment.

4-14

D. Statement of Claim(s)

Claim Four (cont)

(31)    Following this unconstitutional policy (Defendant) Massey S-I-S wrote Noe an incident report for telling his friend, whom is on his approved contact list, To tell his cousin, whom is also on his approved contact list, that Noe "Sends his love". There is no "Substantial and compelling interest" to deny this form of communication as to outgoing mail. (or incoming mail)

4-15

## D. Statement of Claim(s)

## Claim FIVe: First amendment

(32) Defendant ciolli's policy found here at exhibit (B) Denying Noe to use mail forwarding services amounts to a denial of his First amendment.

(33) There are Several services available to inmates that involve mail or message forwarding. for example one Company: inmates family can go online type a letter, pay the company and the company then mails the letter with Noes contacts information on the envelope to Noe.

(34) Another example is there are several Pen pal / legal help companys. These companys allow Noe to post his profile on their cite. Noe can ask

4-16

D Statement of claim(s)

Claim Five; First amend (cont)

35) for legal help or people that would like to write him. people in the General public can then respond to the company with a short message such as "Hi peter I seen your ad, I may be able to help you on your legal ad, my name and address follow if you'd like to write please do". The comany then leave the address.

36) Noe can then put that address on his BP-A1054 contact request form and begin corresponding with that person see ex(C)

37) The policy to stop this communication amounts to a complete denial of Noes First amendment. The reason

4-17

D. Statement of Claim(s)

Claim Five (cont.)

(37) cont.    for the policy is Defendant Ciolli is saying the prison must know whom the mail is sent to or from. again, there is no reasonable legitimate penological interest in knowing whom Noe is sending mail to or from. The only possible concern is the content of the communication. these companys put the persons name and address on the letter Just as if it was mailed from the Contact.

(38)    Defendant Ciolli admits himself that there is not a rational relationship between his policy and the stated goal, of knowing whom the mail is sent to or from. when Noe explained to him the persons name and contact

4-18

D Statement of claim(s)

Claim Five(cont)

38 (cont) are involved in the message he (ciolli) admits anyone could have sent that. The policy is clearly irrational.

39 If Noe cannot receive the persons name and address he cannot add it to his contact list anyways which leaves him in a conundrum. aha! he cannot contact anyone until he has their info and he cannot get their info until they contact him. This is a complete denial of his rights and constitutes arbitrary and capricious Decision making...

Claim Six

Claim A.P.A Violation, 5th amend.

40 (Defendant) ciolli, has a new policy that any mail that comes to the

4-19

## D Statement of claim(s) cont

### claim six (cont)

(40) <u>cont</u>    prison that is not open but is in violation of policy such as colored envelopes or mailing lables and requires rejection will be rejected and, "No rejection form will be generated", Ciolli told Noe.

(41)    This new policy violates clearly established case law as well as Noes right to Due process

(42)    This new policy violates the A.P.A. under P.S. 5264.14 correspondence and CFR 540.13 it is clear that the warden <u>shall</u> notify both the Sender and the inmate that the mail has been rejected and the reason for the rejection.

4-20

D. Statement of claim(s)(cont)

Claim Seven,
Claim  5th amend, 1st amend, 4th amend

(43)   On Dec, 06, 2023 Defendant
Massey wrote Noe an incident
Report for violating policy found here
at exhibit(B) See exhibit(D).

(44)   The hearing officer(defendant) Atencio,
found Noe guilty concluding that by
policy "Social Media is not allowed"

(45)   Noe has the due process right to know
the rules that hes expected to follow
under fair notice (Defendant) Atencio
points to the policy at exhibit(B) yet
this policy in No way states Social
media is not allowed it only says
noe cannot send messages via Social
media.

4-21

D Statement of claim(s)

claim seven (cont)

46. Defendant ciolli has no authority at all to tell Noes family members that they cannot have a social media page up for Noe. (Noe does not have computer access)

47. The prison does not have a reasonable and legitimate penological interest to stop down loads from Noes facebook, or messages to Noe from his facebook, or from Noe sending messages to his facebook friends or to stop Noe from talking about his facebook in his outgoing mail, or incoming mail.

48. Because the incident report was concerning Noes speech as to his outgoing mail the (defendant) ciollis policy to bar Noe from talking about social media does not have a substantial and compelling justification

4-22

D. Statement of claim(s)

Claim seven (cont)

(49) (Defendant) Atencio, refused to allow Noe to present evidence at the hearing in violation of Noes due process.

(50) The (Defendant) ciolli's policy concerning messages to or from Social media is said to be due to the prisons need to know whom the missives are to and from. The downloads show whom they are to and from.

(51) The (defendant) ciolli admits that there is a lack of a rational relationship between the stated goal as anyone could of set up that page as again anyone could set up and send anything. every letter, page of paper is read by S.I.S and only the context could even possibly effect the Security of the prison.

4-23

## D Statement of claim(s)

## claim seven(cont)

(52)  This policy constitutes irrational, arbitrary and capricious decision making.

(53)  To the extent that (defendant) cialli is in fact enforcing this policy to forward Noes contact information to the F.B.I as stated in the policy this is a clear 4th amendment violation.

(54)  This incident report is effecting Noes Security level. The report is used against Noe under the First step act for the next ten years.

4-24

## D. Statement of claim(s)

## claim Eight.

## claim 1$^s$ amendment, A.P.A, 5th amend, 4th, amend.

(55)    Due to the unconstitutional policy at the facility concerning the mail Noes only way to truly communicate with the public is via the telephone.

(56)    The First step act requires that all Federal inmates receive 510 minutes per month on the telephone.

(57)    (Defendant) ciolli is refusing to allow Noe these required minutes and is in fact limiting Noe to four calls per month.

(58)    These extreme limits as to the phone violates Noes First amend under the

4-25

<u>D Statement of claim(s)</u>

<u>Claim Eight (cont)</u>

(58) cont    relationship clause, The freedom of association and Noes 5th amendment under substantive Due process.

(59)    (<u>Defendant</u>) <u>ciolli</u> has put in place policy limiting what phone numbers may be approved that completely bar Noes communication with the Majority of his family. for example under this unconstitutional policy each person Noe talks to must have a phone registered to them and in their name. NO family plans are allowed. Noe comes from a poor family and they cannot afford to each get a new phone plan.

4-26

<u>D Statement of Claim(s)</u>

<u>Claim Eight (cont)</u>

(60)    Some of Noes family members are under Eighteen and do Not have a bank account. A bank account is required to get a phone plan. This policy bars all inmates from even talking to their <u>own children!</u>

(61)    Some of Noes family simply cannot afford a phone plan. They use phones that require a debit card and pay on it when they are able.

(62)    The justification for this policy is that the prison must Know whom Noe is talking to. Every phone call, by policy, is <u>live monitored</u> by staff and then reviewed by S·I·S. The content of the conversation is the only thing that could even possibly effect the

4-27

D Statement of claim(s)

Claim Eight (cont)

(62) cont    Safty and security of the prison.

(63)    anyone could answer the phone
anyways so there is a Clear and
obvious lack of a rational relationship
between the stated goal of knowing
whom is talking on the phone.

(64)    These limitations violate the A.P.A
as CFR 540.101(2) states " Telephone
numbers requested by an inmate
ordinarily will be placed on the
inmates list. under (defendants) cioll:
policy almost all numbers will be
rejected.

(65)    To the extent this policy is created
to forward this information to the
F.B.I this violates Noes 4th amend

4-28

<u>D. Statement of claim(s)</u>

<u>Claim Eight (cont)</u>

(66)   Following this policy Noe has had several numbers rejected. recently Noes cousin MR Brownings number was rejected. Noe filed threw the administrative remedy procedure as (<u>defendant</u>) <u>Massey</u>, whom is responsible for the rejections, won't even explain to Noe why this number was rejected so he can both appeal, and fix the problem, which violates Noes right to fair Notice, 5th amend.

(67)   Due to the mail limits in place the mail is No longer a viable option leaving the phone the only option to communicate protected by the 1st amend.

4-29

## E.    PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? __X__ Yes ____ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):    Noe  v  Mateviousian.

Docket number and court:    19-cv-02148 DDD STV

Claims raised:    mail, First amend.

Disposition: (is the case still pending? has it been dismissed?; was relief granted?)    Denied

Reasons for dismissal, if dismissed:    Jurisdiction

Result on appeal, if appealed:    Denied.

## F.    ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

_____ ✓ Yes ____ No (*check one*)

Did you exhaust administrative remedies?

_____ ✓ Yes ____ No (*check one*)

5

<u>E. Previous lawsuits (cont)</u>

Peter Noe · V. U·S GOV   21-CV-01589
       8th amend

Denied

Failure to file cert of review
       Denied.


Peter Noe · V. U·S. GOV  21-CV-03340  23-CV-695
       8th amend

Still pending
       N/A
       N/A

5-2

## G.     REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

(68) A) Declare that the acts and omissions described herein as to claim 1-8 violated Noes rights under the constitution and laws of the united States B) or injunction and declaratory relief as to claim 1-8 (C) order Noes incident report be expunged (D) order Noe receive 510 phone minutes monthly (E), order court costs and reasonable attorney fees (F) order/Grant Just and Equitable relief this honorable court deems necessary- (G) order Ronny Brownings number added-

## H.     PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

Nov, 14th 24
_____
(Date)

(Form Revised December 2017)

6

# EXHIBIT A

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| F.B.o.P 450 state ave. Kansas city, KS, 66101 | Peter George Noe 10849-041 U.S prison Lmax P.O. Box 8500 Florence, co, 81226 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY  ☒ CIVILIAN | 2/5/77 | N/A | ?.? N/A  3/5/24 reply deli. | N/A |

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary). I filed a civil law suit on medical see 21-CV-01589 The S.I.S dept filed an affidavit in that case and told the court that there is no policy preventing me from contracting someone to have them then contact another person to get a certificate of review done. I just got an incident report #3863101 for this contact violation see 1191617-F1 response. I can now prove to the court that S.I.S lied filed a false affidavit with the court and got my medical suit denied. The policy itself violated my 1st amend.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

N/A

10. PERSONAL INJURY/WRONGFUL DEATH

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT. Because of this lie and fraud on the court I was denied my access to the court, this policy itself also prevents my court access when I lost my suit that would have won.

11. WITNESSES

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| N/A | N/A |

12. (See instructions on reverse). AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| N/A | 430,000 | N/A | 430,000 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| [signature] | N/A | 3/14/24 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

TCT-NCR-2024-05427

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2



**U.S. Department of Justice**

Federal Bureau of Prisons

*North Central Regional Office*

---

Office of the Regional Counsel

*400 State Avenue*
*Tower II, Suite 800*
*Kansas City, KS 66101*

06-05-2024

PETER NOE, #10849-041
ADX FLORENCE
P.O. BOX 8500
FLORENCE, CO  81226

      Re: Administrative Claim for Damages
      Claim #:      TRT-NCR-2024-05427      $ 430,000.00

Dear Claimant:

      This is to notify you of our receipt of your administrative claim for damages under provisions of the <u>Federal Tort Claims Act, Title 28 USC §1346(b), 2671 et. seq.</u>, alleging liability of the United States Government.

      Your claim was received on 04-04-2024.  The above referenced Act provides that the agency has 6 months to make an administrative determination on your claim from the date such claim was received by the appropriate agency.  Accordingly, in the matter of the above referenced claim, the government's response is not due until 10-03-2024.

      Regulations that may be pertinent to your claim may be found at Title 28 C.F.R. Part 14 et.seq., and §543.30.

                    Sincerely,
                    Mary A. Noland
                    Regional Counsel



**U.S. Department of Justice**
Federal Bureau of Prisons

*North Central Regional Office*

---

*Office of the Regional Counsel*

*400 State Avenue*
*Tower II, Suite 800*
*Kansas City, KS  66101*

October 9, 2024

Peter Noe, Reg. No. 10849-041
United States Penitentiary ADMAX
P.O. Box 8500
Florence, CO  81226

RE:    Tort Claim TRT-NCR-2024-05427
       Amount Claimed:  $430,000.00

       Certified Mail Receipt No:    9589 0710 5270 0370 0319 39

Dear Claimant:

Your above referenced tort claim has been considered for administrative review pursuant to 28 C.F.R. § 0.172, Authority: Federal Tort Claims and 28 C.F.R. Part 14, Administrative Claims under Federal Tort Claims Act. Investigation of your claim did not reveal that you suffered any personal injury as a result of the negligent acts or omissions of Bureau of Prisons employees acting within the scope of their employment.

As a result of this investigation, your claim is denied. This memorandum serves as a notification of final denial under 28 C.F.R. § 14.9, Final Denial of Claim. If you are dissatisfied with our agency's action, you may file suit in an appropriate U.S. District Court no later than 6 months after the date of mailing of this notification.

Sincerely,

Mary A. Noland
Regional Counsel

# EXHIBIT B



**U.S. Department of Justice**
Federal Bureau of Prisons

Federal Correctional Complex
Florence, Colorado

August 03, 2020

MEMORANDUM FOR:    INMATE POPULATION

FROM:    B. True, Complex Warden

SUBJECT:    **Third Party Communication, Mail Forwarding, Social Media and Gambling**

In accordance with Program Statements 4500.12, 5270.09, 5265.14, 5264.08; and keeping with the "Purpose" of Counter Terrorism Branch Advisory dated July 10, 2018, the intent of Memorandum, For Chief Executive Officers, dated January 10, 2020; and in reference to FBI IB51 2018316.

Inmates may only communicate with approved persons on their contact lists for the purpose of postal mail, TRUPHONE, Public Messaging, and/or any person to whom they want to send funds. Approved contacts are not authorized to circumvent systems or current policies by forwarding letters, calls, emails, or funds. Services or contacts determined to contribute to prohibited activity which can jeopardize the security and orderly running of the institution are violation of policy.

Third-Party Communication or transactions in any form, are not authorized. Services that provide third party communication or transactions of any type, such as social media management (e.g., Facebook and Instagram) and/or call, text, email or letter forwarding, are not authorized.

Contacts determined to facilitate, promote or be linked to gambling activity are also prohibited.

Inmates are subject to disciplinary actions for attempting to/or participating in the above mentioned activities.

Inmates and/or contacts determined to participate in and/or use the above mentioned services may result in the removal from participating in the TRULINCS public messaging services and/or more restrictive mail and phone monitoring.

The Warden may discontinue participation in the electronic messaging program, provide restrictions to general correspondence, or restrictions for phone abuse whenever it is determined the participation violates the procedures or otherwise jeopardizes the safety, security, or good order of the institution.

# EXHIBIT C

# TRULINCS Contact Request Form

BP-A1054
MAY 14
U.S. DEPARTMENT OF JUSTICE                                FEDERAL BUREAU OF PRISONS

| REGISTER NUMBER: | DATE: |
|---|---|
| INMATE NAME: | UNIT: |

| CONTACT 1<br>All fields are required. | CONTACT 2 (Optional)<br>All fields are required if<br>second contact is requested. |
|---|---|
| Action:   □ Add    □ Delete    □ Edit | Action:   □ Add    □ Delete    □ Edit |
| Contact's First Name:<br>(Maximum 10 characters) | Contact's First Name:<br>(Maximum 10 characters) |
| Contact's Last Name:<br>(Maximum 19 characters) | Contact's Last Name:<br>(Maximum 19 characters) |
| Relationship:<br>□ Attorney<br>□ Business<br>□ Children<br>□ Clergy<br>□ Friend<br>□ Other Relation<br>□ Parent<br>□ Sibling<br>□ Spouse | Relationship:<br>□ Attorney<br>□ Business<br>□ Children<br>□ Clergy<br>□ Friend<br>□ Other Relation<br>□ Parent<br>□ Sibling<br>□ Spouse |
| Phone 1:   (    ) | Phone 1:   (    ) |
| Phone 2:   (    ) | Phone 2:   (    ) |
| Language of Contact:<br>□ English        □ Spanish | Language of Contact:<br>□ English        □ Spanish |
| Postal Address | Postal Address |
| Country: | Country: |
| Zip Code: | Zip Code: |
| City: | City: |
| State: | State: |
| Re: | Re: |
| Address Line 1: | Address Line 1: |
| Address Line 2: | Address Line 2: |
| Address Line 3*: | Address Line 3*: |

Prescribed by P4500                                              *For international labels only

FLM 5264.08F          Telephone Regulations for Inmates          Attachment A

# EXHIBIT D



| BP-A0288 | INCIDENT REPORT |
|---|---|
| | Dept. of Justice / Federal Bureau of Prisons |

### Part I - Incident Report

| 1. Institution: **FLORENCE ADMAX USP** | Incident Report Number: **3863101** | |
|---|---|---|
| 2. Inmate's Name<br>**NOE, PETER** | 3. Register Number<br>**10849-041** | 4. Date of Incident<br>**12-06-2023** | 5. Time<br>**1100 hrs** |

| 2. Inmate's Name<br>**NOE, PETER** | 3. Register Number<br>**10849-041** | 4. Date of Incident<br>**12-06-2023** | 5. Time<br>**1100 hrs** |
|---|---|---|---|
| 6. Place of Incident<br>**SIS Office** | 7. Assignment<br>**UNASSGN** | 8. Unit<br>**D** | |

| 9. Incident<br>**296 -- MAIL ABUSE, DISRUPT MONITORING.** | 10. Prohibited Act Code(s)<br>**396** |
|---|---|

**11. Description Of Incident**
(Date: **12-06-2023**    Time: **1100 hrs**    staff became aware of incident)

This is a Re-Write.
At the conclusion of the investigation, it was determined the following occurred. On November 30, 2023, I monitored an incoming letter addressed to inmate Noe, Peter, Reg. No. 10849-041 from Michaela Dieckmann, Gottinger Chaussee13, 30453 Hannover, Germany. There were photos included in the mailing, as well a letter. The letter, Michaela is notifying Noe, "I'll send you pics from Ronnie, and all his love." "He didn't get you letter yet." Indicating she is forwarding letters to/from Noe (Third party communication). Within the envelope there were photos, but SIS could not positively indicate these photos were forwarded from Ronnie as Michaela implied, I will send you pics from Ronnie. Suggesting a future date. This would be verified by Noe a couple days later.
Noe's replied to this letter, with a letter, dated 12/2/2023. The letter is addressed to Michaela at the same address. Noe writes, "I just got the photos of Ronnie. Tell him I send my love and that it's been so long I barley recognize everyone. Get his address and phone number...also add Joe, Holly and Deana to our Facebook. This is indicating Michaela is running inmate Noe's Facebook account.
This is a clear violation of policy, as referred to memo dated September 14, 2022, titled Third Party Communication, Mail Forwarding, Social Media and Gambling. The memo states, "Inmates may only communicate with approved persons on their contact lists for the purpose of postal mail, TRUPHONE, Public Messaging, and/or any person to whom they want to send funds. Approved contacts are not authorized to circumvent systems or current policies by forwarding letters, calls, emails, or funds." "Third Party Communication or transactions in any form, are not authorized. Services that provide third party communication or transactions of any type, such as social media management (e.g., Facebook and Instagram) and/or call, text, email, or letter forwarding, are not authorized."
Further, "Inmate and/or contacts determined to participate in and/or use the above-mentioned services may result in the removal from participating in the TRULINCS public messaging services and/or more restrictive mail and phone monitoring."

| 12. Typed Name/Signature of Reporting Employee<br>**M. Massey** | 13. Date And Time<br>**12-07-2023 1216 hrs** | |
|---|---|---|
| 14. Incident Report Delivered to Above Inmate By<br>(Type Name/Signature)<br>**K. Matamoros** | 15. Date Report<br>Delivered<br>**12-08-2023** | 16. Time Report<br>Delivered<br>**1900 hrs** |

The Government Paperwork Elimination Act (GPEA) of 1998 authorized Federal Agencies the use of electronic forms, electronic filing, and electronic signatures to conduct office business.

Prescribed by P5270                                    Replaces BP-S288.052